920 F.2d 934
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert E. EARTHMAN, Defendant-Appellant.
 No. 90-3073.
 United States Court of Appeals, Sixth Circuit.
 Dec. 11, 1990.
 
 Before KENNEDY and MILBURN, Circuit Judges, and ENGEL, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Robert Earthman (defendant) appeals his conviction for: (1) conspiracy to distribute cocaine; (2) possession with intent to distribute cocaine; (3) carrying a firearm during and in relation to a drug trafficking crime; (4) possession with intent to distribute cocaine base within 1000 feet of a school; and (5) making a house available for the storage and distribution of cocaine base. On appeal the defendant claims that there was insufficient evidence to convict him and that he was denied effective assistance of counsel. For the reasons set forth below, we AFFIRM.
 
 
 2
 On August 6, 1988, the Columbus (Ohio) Police Department executed a search warrant at 3444 Karl Road, a residence rented to Trena Henderson. Prior to the execution of the warrant, Columbus detectives had conducted a surveillance of the residence and had searched the trash twice. There was testimony at trial that on several occasions during the surveillance, vehicles registered to defendant were seen at Henderson's residence. In addition, detectives found "sno seals" (square pieces of paper often used to hold cocaine) with cocaine residue, as well as baggie corners, and two one-ounce bottles of lactose in searches of the trash from the Karl Road residence.
 
 
 3
 The defendant was in the basement of the Karl Road residence when the police executed the search warrant. Next to him was a blue duffel bag containing one hundred fifty-six sno seals within thirty-nine small plastic bags. The sno seals contained over thirty grams of cocaine. In total, over sixty-one grams of cocaine were found in sno seals throughout the Karl Road residence. Over two hundred fifty fingerprints, all of which were the defendant's, were found on the inside and outside of the sno seals. Detectives also found a hand-held scanner, firearms, including a shotgun, and a briefcase which contained several shotgun rounds, and personal papers apparently belonging to the defendant. During the search the defendant exhibited knowledge of one of the weapons by showing a detective how to unload it. Andrew Reeves, who was present when Henderson's residence was searched, testified that Henderson had brought the blue duffel bag to Earthman on the day of the search. He also testified that Earthman had provided him with small quantities of cocaine in sno seals, for which Reeves did not pay.
 
 
 4
 On April 28, 1989, Columbus Police executed a search warrant at 1077 Duxberry, which was located three hundred forty-five feet from a nearby elementary school. The Duxberry residence was leased to the defendant, who was present at the time of the search. Police found .1 grams of cocaine in a microwave, as well as a beeper, body mike, scanner, cellular phone, scales, and numerous sno seals. The house was fortified with security doors in the front and rear of the house as well as on one bedroom door, and there were surveillance cameras at the outside doors.
 
 
 5
 The defendant was convicted of three counts relating to the Karl Road residence: conspiracy to distribute cocaine; possession with intent to distribute cocaine; and carrying a firearm during and in relation to a drug trafficking crime. He was also convicted of two counts related to the Duxberry residence: possession with intent to distribute cocaine base within 1000 feet of a school, and making a house available for the storage and distribution of cocaine base. He now appeals.
 
 
 6
 The defendant states as his first claim of error that the evidence was insufficient to convict him. He does not, however, point to any specific insufficiencies. The standard of review in determining the sufficiency of evidence is well established.
 
 
 7
 [T]his court must determine whether viewing the evidence and all reasonable inferences in the light most favorable to the government, a reasonable trier of fact could find evidence establishing each element of the crime beyond a reasonable doubt.
 
 
 8
 United States v. Wood, 780 F.2d 555, 557 (6th Cir.), cert. denied, 475 U.S. 1111 (1986).
 
 
 9
 The defendant was found at Henderson's residence with over thirty grams of cocaine packaged for sale in a bag next to him, and more than sixty grams total throughout the house. Over two hundred of his fingerprints were found on that packaging. Weapons were found in the house, and there was evidence to connect those weapons with the defendant. In addition, Andrew Reeves testified that Henderson had brought the blue duffel bag to the defendant on the day of the search. There was, therefore, sufficient evidence for a reasonable jury to find the defendant guilty beyond a reasonable doubt.
 
 
 10
 The defendant was also convicted of several offenses connected with his residence at 1077 Duxberry. Although only a small amount of cocaine was found there, other circumstantial evidence of cocaine distribution was also found, including the fortifications of the house, and items commonly used by drug dealers. The evidence, therefore, was sufficient to convict the defendant of the Duxberry counts.
 
 
 11
 The defendant also claims that he was deprived of effective assistance of counsel. The defendant argues that in opening statement his counsel shifted the burden of proof to the defendant by telling the jury what he would prove during the trial. The defendant also claims that his trial counsel was constitutionally ineffective because he conceded that the Duxberry residence was within 1000 feet of a school, that the defendant possessed the cocaine seized at the Karl Road residence with the intent to distribute it, and that Trena Henderson had delivered the blue bag to the defendant. The defendant claims that these admissions prejudiced him to the jury, and resulted in his conviction.
 
 
 12
 The defendant raises the issue of ineffective assistance of counsel on direct appeal. This Court has held that the issue may not be decided on direct appeal if the record is insufficient to determine whether the defendant was deprived of effective assistance of counsel. United States v. Swidan, 888 F.2d 1076, 1081 (6th Cir.1989). The defendant concedes that the only fact not in the record that might affect this Court's decision is whether the defendant consented to the trial strategy. Because this Court finds that the record is otherwise sufficient to make a determination on this issue, we presume that the defendant was not consulted regarding the tactic taken by counsel.
 
 
 13
 In Strickland v. Washington, the Supreme Court established the standard by which trial counsel must be held in order to satisfy the defendant's right to counsel.
 
 
 14
 First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.
 
 
 15
 Strickland, 466 U.S. 668, 687 (1984). This Court, however, need not determine whether counsel's performance was deficient "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice...." Id. at 697. The burden is on the defendant to show that counsel's deficient assistance resulted in prejudice. Id. at 693.
 
 
 16
 Counsel's statement that he would prove things during the trial did not amount to ineffective assistance. Although it is a basic trial tactic for the criminal defense counsel to stress that the prosecution has the burden of proof, the failure to do so in the opening statement does not amount to ineffective assistance of counsel. Even the best attorneys would approach the same case differently, and defendant's counsel did stress the concept of reasonable doubt in his closing argument. Counsel's opening statement was neither professionally unreasonable nor has defendant shown it to be prejudicial to him.
 
 
 17
 The defendant claims that counsel's statements during closing argument constituted an admission of the defendant's guilt and that therefore his conviction must be reversed as a matter of law. That is not, however, the law in this Circuit. The defendant cites Wiley v. Sowders, 647 F.2d 642 (6th Cir.), cert. denied, 454 U.S. 1091 (1981) as support for this argument. That case, however, was decided several years prior to the Supreme Court's decision in Strickland, and did not use Strickland's two step analysis. The Strickland test "imposed a heavy dual burden upon anyone claiming ineffective assistance of counsel." Stamps v. Rees, 834 F.2d 1269, 1276 (6th Cir.1987), cert. denied, 485 U.S. 980 (1988). See also Watson v. Marshall, 784 F.2d 722, 725 (6th Cir.1985) (defendant must satisfy both prongs of the Strickland test to prevail on an ineffective assistance claim), cert. denied, 476 U.S. 1107 (1986). Therefore, even if a counsel's statements amount to an admission of his or her client's guilt, the defendant must still "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.
 
 
 18
 "In analyzing prejudicial effect under Strickland, it is necessary to examine the record in its entirety." Watson, 784 F.2d at 726. The defendant has not shown here that without counsel's statements the jury would have reached a different result. "When a defendant challenges a conviction, the question is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." Strickland at 695. Counsel only admitted in closing argument to those things which could not rationally be contested in an attempt to gain an acquittal on those charges for which the prosecution had much weaker evidence. The fact that his tactic did not succeed does not mean that a reversal is warranted. Counsel admitted that the defendant possessed the cocaine at the Karl Road residence with the intent to distribute it. Given the fingerprints, the packaging of the cocaine, and his presence at the residence, the jury would certainly have convicted the defendant on that charge without counsel's partial admission. In addition, the evidence of the distance between the house and the school could not be disputed. Counsel's statement added nothing to the establishment of that element.
 
 
 19
 Finally, the defendant claims that counsel's statement that Henderson had given the defendant the duffel bag was error that resulted in his conviction on the conspiracy charge. The defendant has not, however, shown that there is a reasonable probability that the jury would have acquitted him on that issue had counsel not made that statement. Andrew Reeves testified that Henderson had given the bag to the defendant, and there was ample evidence that the Karl Road residence was rented by Henderson and that the defendant often stayed there. Therefore, the defendant has not satisfied the second prong of the Strickland test.
 
 
 20
 We AFFIRM the defendant's conviction.